A04A1674. IN THE INTEREST OF J. I. et al., children.
A04A1871. IN THE INTEREST OF J. I., a child.

(605 SE2d 397)

PHIPPS, Judge.

In Case No. A04A1674, H. P., the mother of J. I. (born in 2000) and L. W. (born in 1992), appeals the juvenile court's termination of her parental rights. In Case No. A04A1871, M. I., the father of J. I., appeals termination of his parental rights. The parents contend that the evidence is insufficient to show that the children are currently deprived, that the cause of the children's deprivation is likely to continue, or that termination of their parental rights would be in the children's best interests. Finding no merit in any of these evidentiary challenges, we affirm.

Termination of parental rights under OCGA § 15-11-94 requires a juvenile court to find that there is clear and convincing evidence of parental misconduct or inability and that termination is in the child's best interest. Subsections (a) and (b) (4) (A) of that Code section require a court to determine parental misconduct or inability by finding each of four factors: (1) the child is deprived; (2) the lack of proper parental care or control is the cause of the deprivation; (3) the cause of the deprivation is likely to continue or will not likely be remedied; and (4) continued deprivation is likely to cause serious physical, mental, emotional, or moral harm to the child.[1]

---

[23] See id. at 892; *Otwell,* supra, 201 Ga. App. at 73.

[1] (Footnote omitted.) *In the Interest of T. J. J.,* 258 Ga. App. 312, 314 (574 SE2d 387) (2002).

Once the trial court establishes a lack of parental care and control, the second part of the test for determining whether parental rights should be terminated is whether such termination is in the best interest of the child, after considering the physical, mental, emotional, and moral condition and needs of the child who is the subject of the proceeding, including the need for a secure and stable home.[2]

On appeal from an order terminating parental rights, we view the evidence in the light most favorable to the juvenile court's ruling and determine whether any rational trier of fact could have found by clear and convincing evidence that the natural parent's right to custody should be terminated.[3]

The evidence here showed that H. P. and M. I. were married and that M. I. was J. I.'s biological father and L. W.'s stepfather. The children were removed from their parents' care by the Cobb County Department of Family and Children Services (DFACS) in 2001 because L. W. had been physically abused. Various psychologists evaluated and provided therapy for L. W., who told the psychologists that he had been abused by both his mother and stepfather. One of the psychologists described L. W.'s physical abuse as "horrific" and called it "some of the worst" she had ever seen. Testimony provided by the psychologists authorized the juvenile court to find that both H. P. and M. I. had caused the horrific physical abuse to which L. W. had been subjected; that, as a result of the abuse and concomitantly severe emotional trauma, he was suffering from posttraumatic stress disorder and had exhibited psychotic symptoms; and that he had experienced psychological improvement chiefly attributable to cessation of contact with both H. P. and M. I.

Although the children were at one point returned to the temporary physical custody of H. P., custody was transferred back to DFACS after the juvenile court found that she had failed to successfully complete her reunification case plan and had violated a provision in the custody order barring her from allowing the children to have contact with M. I. During the pendency of this proceeding, H. P. was convicted of a felony and given a prison sentence. L. W.'s psychologists found that reuniting him with H. P. or M. I. contrary to his strongly expressed desire not to be returned to parental care would not be in

---

[2] (Citation and punctuation omitted.) *In the Interest of T. W.*, 255 Ga. App. 674, 676-677 (566 SE2d 405) (2002).

[3] (Citation and punctuation omitted.) *In the Interest of D. B. P.*, 262 Ga. App. 1 (584 SE2d 256) (2003).

his best interests. Additional evidence authorized the court to find that H. P. had wholly failed to acquire the parenting skills necessary to ensure that children returned to her care would not continue to be subjected to physical abuse and emotional trauma; that M. I. had failed to comply with a case reunification plan by, among other things, failing to complete anger management classes; and that the children have been placed in foster care in a home suitable for their adoption.

The parents' physical abuse and emotional neglect of L. W. were critical factors the court was authorized to take into consideration in finding that J. I. was also without proper parental care and control.[4] Unappealed deprivation orders established both children's status as deprived.[5] A rational trier of fact could have found that the evidence, viewed in a light most favorable to the juvenile court's ruling, clearly and convincingly established that the cause of the children's deprivation will likely continue and that termination of the parents' parental rights would be in the children's best interests.

*Judgments affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 28, 2004.

*Louis M. Turchiarelli*, for appellant (case no. A04A1674).
*Lorraine R. Silvo*, for appellant (case no. A04A1871).
*Thurbert E. Baker, Attorney General, William C. Joy, Shalen S. Nelson, Senior Assistant Attorneys General, Laura W. Hyman, Assistant Attorney General, John P. Cheeley, Sanders B. Deen*, for appellee.

---

[4] See OCGA § 15-11-94 (b) (4) (B) (iv)-(vi).
[5] See *In the Interest of A. M. B.*, 219 Ga. App. 133, 134 (464 SE2d 253) (1995).